PEOPLE v. THORNTON et al.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. EMINENT DOMAIN—PROCEEDINGS TO CONDEMN—LESSEE—"OWNER."
Where leased property was condemned for public use, the holder of an unexpired lease thereof was entitled to an award of damages as an "owner" within Code Civ. Proc. § 3358, defining such term to include all persons having any estate, interest, or easement in the property to be taken, or any lien, charge, or incumbrance thereon.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 421–424.
For other definitions, see Words and Phrases, vol. 6, pp. 5134–5151; vol. 8, p. 7744.]

2. SAME—OFFER TO PURCHASE—COSTS.
Code Civ. Proc. § 3372, relating to condemnation proceedings, provides that if the owner is a resident, and is not under legal disability to convey

title to real property, and an offer to purchase is not served on him, he is entitled to costs. *Held*, that the word "owner" in such section was not limited to the owner of the fee, but extended to the holder of a leasehold on the property condemned, included in the definition of the term "owner" by section 3358.

Appeal from Special Term.

Condemnation proceedings by the people against William Thornton and others, impleaded with Aran Vail. From an order denying costs to defendant Vail, he appeals. Reversed. Application for costs granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Buchanan, Lawyer & Whalen (Robert E. Whalen, of counsel), for appellant.

The Attorney General (Charles P. Little, of counsel), for the People.

JOHN M. KELLOGG, J. The appellant was a lessee of a part of the premises condemned, and his unexpired term of two years was valued by the commissioners at $120. He was an owner, within section 3358 of the Code of Civil Procedure, which defines an owner as "including all persons having any estate, interest or easement in the property to be taken, or any lien, charge or encumbrance thereon." If the owner is a resident, and not under legal disability to convey title to real property, and an offer to purchase is not served upon him, then he is entitled to costs under section 3372 of the Code of Civil Procedure. This does not limit the meaning of the word "owner," as used in that section, to the owner of the fee. Section 3358 recognizes that one party may own the fee, another an easement, another a leasehold, another may have a charge or incumbrance upon the same parcel of land, but it recognizes each as an owner  An offer must be made to any party whose interest is sought to be condemned, if the person is a resident of the state and is capable of conveying that interest. Where there is an outstanding lease, the owner of the fee cannot convey the entire estate, but he can convey the interest he has. The same is true of the tenant. One is entitled to the notice as much as the other. Each owner is entitled to the offer to purchase, and in the absence of it, to costs, if he is a resident of the state and is capable of conveying the interest in the real estate which he has. The public is taking away from the unwilling owner his property, and, if it does not offer to each person interested in it the fair value of his interest, there is no reason why it should not pay to him the costs which have been caused by its neglect to make the offer.

The order, so far as it denies costs to the appellant, should be reversed, with $10 costs, and his application for costs should be granted. All concur.