(63 Misc. Rep. 549.)

### BAKER et al. v. STATE.

(Court of Claims of New York. June, 1909.)

1. EMINENT DOMAIN (§ 82*)—WHAT CONSTITUTES.

Where tenants are in possession of certain real estate under a lease for years, the estate of the tenants is "property," within Code Civ. Proc. § 3358, relating to condemnation proceedings, and defining real property as any right, interest, or easement therein.

[Ed. Note.—For other cases, see Eminent Domain. Cent. Dig. § 215; Dec. Dig. § 82.*

For other definitions, see Words and Phrases, vol. 6, p. 5716; vol. 8, pp. 7768–7770.]

2. EMINENT DOMAIN (§ 155*)—"OWNER" OF PROPERTY.

A tenant in possession of real estate under a lease for six years is an "owner," under Code Civ. Proc. § 3358, defining an owner as a person hav-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing any estate, interest, or easement in property to be taken on condemnation of land, or having any lien, charge, or incumbrance thereon.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 421; Dec. Dig. § 155.*

For other definitions, see Words and Phrases, vol. 6, pp. 5134–5151; vol. 8, p. 7744.]

3. EMINENT DOMAIN (§ 155*)—DAMAGES—PERSONS ENTITLED.

Tenants in possession of real property under a lease for six years are entitled to recover from the state, under Code Civ. Proc. § 3358, where the land is taken for canal purposes, although the state may have settled with the owner of the fee for his damages.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 421; Dec. Dig. § 155.*]

Presentation of claims by George W. Baker and another against the State of New York for damages to land taken for canal purposes. Judgment for claimants.

N. H. Holmes, for claimants.

Edward O'Malley, Atty. Gen., and D. H. Brong, Asst. Atty. Gen., for the State.

MURRAY, J. On or about June 4, 1908, the state of New York appropriated, for the improved canal, certain property of Edward Dixon in the village of Baldwinsville, at the intersection of Water and Syracuse streets. The property consisted of a plot of land 22 by about 150 feet, with a store and outbuildings upon it. At the time of the appropriation the property was leased by the owner, Dixon, to the claimants in this action, for a term of six years from November 12, 1907. The lease was duly recorded in the county clerk's office of the county where the property was situated. The tenants occupied the store and were legally in possession of the premises.

When the state sought to appropriate this property, the map and the notice provided by law were duly served upon Dixon as the owner thereof. But no map or notice was served upon the tenants, the lessees, nor did they have or receive any notice of the state's intention to appropriate. Subsequently to the appropriation, the state through its authorized officers made a settlement with Dixon, the owner, paying him an agreed price for the land. No settlement, however, was made with the claimants herein for the value of their unexpired lease.

The state offered no evidence, and relied upon its motion for dismissal on the grounds that there was no cause of action against the state, and also that it appeared from the testimony that all claims for damages by reason of the appropriation had been paid or adjusted by the state.

The questions for decision in this case are: Have the tenants a claim against the state for the value of their unexpired lease? and is the state's settlement with the owner a bar to the claimants' recovery?

I think the lease in question was "property," within the definition of the law; and the claimants, having rights in and to the property and the possession thereof during the continuance of their lease, are to be considered, while their tenancy lasted and their lease existed, as

"owners," within the meaning of that word as used in the act. The lease being their property, it could not be taken from them without just compensation. See federal and state Constitutions.

Section 3358 of the Code defines the term "real property" as any right, interest, or easement therein, or appurtenances thereto; and the term "owner" as all persons having any estate, interest, or easement in the property to be taken, or any lien, charge, or incumbrance thereon. Section 1430 of the Code provides that the expression "real property" includes leasehold property, where the lessee is possessed of at least five years' unexpired term of the lease, and also of the buildings, if any, erected thereon.

In People v. Thornton, 122 App. Div. 287, 288, 106 N. Y. Supp. 704, 705, it was held:

"One holding an unexpired lease of lands taken by eminent domain is an 'owner,' within the meaning of section 3358 of the Code of Civil Procedure."

The court, through Justice Kellogg, says:

"The appellant was a lessee of a part of the premises condemned, and his unexpired term of two years was valued by the commissioners at $120. He was an owner, within section 3358 of the Code of Civil Procedure, which defines an owner as including 'all persons having any estate, interest or easement in the property to be taken or any lien, charge or incumbrance thereon.' * * * This does not limit the meaning of the word 'owner,' as used in that section, to the owner of the fee. Section 3358 recognizes that one party may own the fee, another an easement, another a leasehold, another may have a charge or incumbrance upon the same parcel of land, but it recognizes each as an owner. An offer must be made to any party whose interest is sought to be condemned. * * * Where there is an outstanding lease, the owner of the fee cannot convey the entire estate; but he can convey the interest he has. The same is true of the tenant. One is entitled to the notice as much as the other. Each owner is entitled to the offer to purchase. * * * The public is taking away from the unwilling owner his property, and, if it does not offer to each person interested in it the fair value of his interest, there is no reason why it should not pay to him the costs which have been caused by its neglect to make the offer."

In Stuart v. Palmer, 74 N. Y. 183, 184, 30 Am. Rep. 289, it was held:

"The constitutional provision declaring that no person shall be deprived of life, liberty, or property without 'due process of law' is not limited to judicial proceedings, but extends to every proceeding which may interfere with those rights. whether judicial, administrative, or executive. It is not enough that the owner may, by chance, have notice, or that he may, as a matter of favor, have a hearing. The law must require notice and give a right to a hearing."

In Matter of City of Brooklyn, 87 Hun, 55, 56, 33 N. Y. Supp. 869, 870, the court says:

"While the term 'due process of law' may not be susceptible of a precise definition which will include all cases, yet it has ever been held to require an opportunity to be heard. Notice of some kind is essential, and because there is no provision in this statute for a notice, or an opportunity to be heard, it is violative of the constitutional provisions for the protection of property rights."

Passing the question whether it was necessary for the state to serve the lessees with the map and notice of appropriation as not essential for the decision of this case, I think, however, the claimants in this

action are entitled to recover. They had duly recorded their lease in the county clerk's office. They were in actual occupancy of the store, and were in legal possession of the premises at the time the state made the settlement with Dixon, the owner. This was notice to the state and to all the world, of which the state and its officers were obliged to take notice, that the tenants had rights in and to this property, and as lessees were entitled to the possession and the occupancy thereof. The state ignored these facts—ignored the tenants' occupancy, the lessees' recorded lease, and their possession of the premises—and settled with Dixon exclusively. Such an adjustment or settlement with the owner cannot affect or bar the rights of the claimants. To give validity to such a compromise or settlement, as barring the lessees' claim herein, would afford opportunities to the unscrupulous to effect unfair or collusive settlements to the injury of those having legal rights—knowable to all, which should be ascertained by the officers of the state, and which are entitled to be considered, respected, and protected in the adjustment or settlement of any claim for damages.

For these reasons, I advise the denial of the motion to dismiss. It follows that the claimants are entitled to the fair value of the unexpired term of their lease. This, I think, amounts to the sum of $897. I am of opinion that the claimants are entitled to the sum of $897, and that judgment should be given against the state for this amount.

Judgment for claimants