WILLIAM STARK SMITH, as Sole Executor of the Last Will and Testament of WILLIAM BELLINGER SMITH, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 13903.

Court of Claims, May, 1922.

**Claims against state — title to real property — possible adverse claimants — when comptroller will not be directed to deposit an award to a special account — proceedings reopened to bring in other claimants.**

Where an award is based upon findings which do not include any finding that there are possible adverse and conflicting claimants, a motion by the attorney-general for an order directing the state comptroller to deposit the amount of the award in a special account to be distributed to those entitled thereto by order of the Supreme Court, must be denied.

Before such an order may be entered the findings must be modified, not upon affidavit but only upon proof.

Pending an examination of the title, the entry of judgment upon an award was suspended and the executor of the successful claimant was substituted in his place and stead. Thereafter the claim of another person, so far as it related to or covered any land affected by and described in the claim on which the award was made, was dismissed by a stipulation. Affidavits submitted upon a motion by the attorney-general for an order directing the state comptroller to deposit the amount of the award in a special account in bank disclosed that an examination of the title brought to light possible claims adverse to and conflicting with those of the claimant herein. *Held,* that while the motion must be denied, an order may be entered setting aside the award and reopening the proceeding for the purpose of bringing in the adverse and conflicting claimants, who had been served with notice of the appropriation of the lands in question, and for a rehearing of the claim.

MOTION to compel state comptroller to deposit amount of award in special account.

*Theodore L. Cross*, for claimant.

*Charles D. Newton*, attorney-general (*Julius Tumposky*, deputy attorney-general, of counsel), for state of New York.

CORWIN, J. This is a motion, duly made by the attorney-general pursuant to an order to show cause and consented to by the attorney for the claimant, for an order directing the comptroller

of the state of New York to deposit the amount awarded by the Court of Claims in the above-entitled claim in any bank in which moneys belonging to the fund from which said compensation is payable may be deposited, to the account of such award, to be deposited and distributed to the persons entitled to the same as ordered by the Supreme Court on application of any person pursuant to the provisions of section 28 of the Court of Claims Act.

The above-entitled claim was filed by William Bellinger Smith against the state of New York February 23, 1916. On November 1, 1916, an award in favor of the claimant was made in the sum of $775.35 with interest thereon from February 3, 1915, and the sum of $1.50 for map. Entry of judgment upon this award has been suspended pending an examination of the title. On the 23d day of April, 1917, pursuant to order duly entered, William Stark Smith, as sole executor of the last will and testament of William Bellinger Smith, deceased, was substituted as claimant in the place and stead of said William Bellinger Smith. Marian Davies having filed claim No. 2290-A, affecting a portion of the lands affected by the above claim, an order was duly entered on the 26th day of May, 1919, upon stipulation, dismissing said claim of Marian Davies, No. 2290-A, in so far as it related to or covered any land affected by and described in the above-entitled claim. It appears from affidavits submitted upon this motion that an examination of the title to the lands described in the above-entitled claim has disclosed possible claims adverse to and conflicting with those of claimant. These possible adverse and conflicting claimants have been served with notice of appropriation but have not been brought in and made parties to the proceeding pursuant to section 21 of the Court of Claims Act.

This procedure, while irregular, was deemed expedient at the time because of the large number of appropriation claims then pending and the inadequacy of the force in the attorney-general's office to examine the titles before trial.

This is one of a large number of cases where the above-recited procedure has been followed and where similar motions have been made. In order to indicate the procedure which we believe should be followed in this and similar cases we hold as follows:

Where a motion based upon affidavits showing possible adverse and conflicting claimants has been made for such relief, an order may be entered setting aside the award and reopening the proceeding for the purpose of bringing in such adverse and conflicting claimants and rehearing the claim.

Upon such rehearing an award will be made and judgment entered thereon.

Where it appears from the testimony introduced upon such rehearing that there are adverse and conflicting claimants, and such adverse and conflicting claimants do not consent that their respective interests may be determined by the Court of Claims, an order will be made directing the comptroller to deposit the amount awarded pursuant to the provisions of section 28 of the Court of Claims Act.

It is urged that the order asked for should be granted in this particular case for the reason that in this instance all the persons who might have had claims adverse to or conflicting with that of the claimant have been served with a notice of appropriation more than two years since, and, therefore, are barred by lapse of time. But, admitting this to be true, it does not change the situation any as to the procedure to be followed. The award made herein was based upon findings which do not include any finding that there are possible adverse and conflicting claimants. It is obvious that before the order asked for can be entered herein, the findings must be modified; and it is equally obvious that they cannot be modified upon affidavit, but only upon proof.

The motion is denied.

SMITH, J., concurs.

Ordered accordingly.