PARKVAL REALTY CORPORATION, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 23439.)

Court of Claims, March 6, 1936.

*Charles D. Cords*, for the Parkval Realty Corporation.

*Stewart & Shearer*, for the United States Trust Company of New York.

*John J. Bennett, Jr., Attorney-General [James H. Glavin, Jr., Assistant Attorney-General*, of counsel], for the defendant.

RYAN, J. The State of New York appropriated part of claimant's lands for park purposes. Under date of April 26, 1935, after trial, this court made an award to claimant in the amount of $22,000, with interest. No judgment upon said award has yet been entered. It now appears that the United States Trust Company of New York is the assignee of a first mortgage upon the land appropriated and other lands. On this there is a balance due of principal in excess of the amount awarded herein. The said assignee applies to this court to be made a party to this proceeding. It alleges that the lien of its mortgage is superior to any lien for compensation for attorney's services upon the trial and adjudication of this claim. It states that it desires to enter a judgment

upon the aforesaid decision of this court and to move this court for the payment to it, the said United States Trust Company of New York, of the amount of the award and accrued interest to be applied upon its bond and mortgage.

Section 20 of the Court of Claims Act reads in part as follows: " Jurisdiction and powers are conferred upon the Court of Claims or a judge thereof to order other parties, known or unknown, to be brought in and made parties to any action or proceeding pending in such court, or substituted, whenever it appears or is made to appear to the court or a judge thereof necessary for a complete determination of a controversy or liability, and in any action or proceeding to determine the value of land which the State has appropriated for a public use such court or judge thereof shall make an order that the parties named in the certificate of the Attorney-General filed in such court, after an examination by him of the title to such land, be brought in and made parties to such action or proceeding."

No certificate of his examination of title has yet been filed by the Attorney-General. When that is done it will apparently be mandatory upon this court to grant an order bringing in and making the present petitioner a party. It seems to us perfectly proper to do so now.

We do not determine to whom the award shall be paid. It would seem that under sections 28 and 28-a of the Court of Claims Act jurisdiction to make an order of distribution rests solely with the Supreme Court in and for the county of Albany.

Order granted.

BARRETT, P. J., concurs.