RAQUETTE FALLS LAND COMPANY, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 18742.) The State appropriated lands in Warren county

for public purposes, and negotiations were carried on with the claimant, looking to a determination of the price to be paid. These negotiations failed of agreement, and thereupon the Raquette Falls Land Company filed its claim in the Court of Claims, to recover the value of the land. An award of $800 was made, and the State has appealed. Almost the entire record consists of abstracts of public records. The only testimony given was that of an officer of the claimant, consisting in the main of proof of the character of the land, and its use; and that of the title searcher of the Attorney-General, showing examinations by him of the records of the county clerk's office of Warren county, and records of the board of supervisors of that county, and his findings in reference thereto. The State contends there was a break in the chain of title to the lands sometime subsequent to 1835, and this is based on the failure of the searcher to find any record of a conveyance made by Dudley Farlin or his heirs; also that the tax deeds received by the claimant from the State Comptroller were invalid, because the resolutions of the board of supervisors examined by him did not show a valid tax; that the claimant had no right to purchase at the tax sales under section 131 of the Tax Law, because it held record title to the property. An order was made by the Court of Claims bringing in all parties suggested by the Attorney-General and that might make claim under Dudley Farlin. The Attorney-General contends that because of these things a question of title to real property was involved, and the Court of Claims had no jurisdiction to try it. It appears from the proof that the premises in question are wild and unoccupied land, owned by a non-resident, and the Court of Claims so found. The new parties brought in by the order of the Court of Claims have filed no claim, and seek no damages; and their time to do so has passed. (Court of Claims Act, § 20.) The evidence adduced by the State is inadequate to establish the fact that Dudley Farlin or his heirs did not convey to the claimant's predecessors in title, or to show that the board of supervisors did not legally levy the tax as required by the statute. The presumption is that they did. The land being wild and unoccupied, and owned by a non-resident, there was no personal obligation of the owner to pay the taxes, and section 131 of the Tax Law contains no provision excluding the claimant from purchasing at a tax sale, in the circumstances shown here. That statute, in so far as applicable, provides only for making application in writing for a conveyance under a tax sale, and exemption therefrom. No person other than the claimant having made any claim to the property, although all thought to have an interest having been duly made parties, and the Attorney-General having made no proof that it was owned by others than the claimant, no question of title arose which was not within the jurisdiction of the Court of Claims. (*People ex rel. Palmer* v. *Travis*, 223 N. Y. 150, 160.) Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ. [156 Misc. 227.]