JOHN SCHREYER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 26183.)

Court of Claims, June 30, 1942.

*Edward K. Haas* [*John Van de Water* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*John A. Lynch, Assistant Attorney-General,* of counsel], for the defendant.

FITZSIMMONS, J.   An incidental question arises out of the claim herein which involves the date from which interest shall run, together with the rate thereof, a question which seemingly has not previously been passed upon.

The claim herein is based upon the State's permanent appropriation of an easement across claimant's land, to provide an extension of the water supply system of Green Haven Prison, and made under section 21 of the Correction Law, as enacted by chapter 250 of the Laws of 1930.

Widely divergent views are held by the parties hereto respecting the provisions of said section 21 as they relate to the enumerated questions concerning interest.

Claimant maintains that interest started to run December 12, 1938, when the State filed in the clerk's office of Dutchess county a certified copy of the original map and certificate earlier filed with the Department of State.

The State contends that interest runs only from July 15, 1939, when it made actual physical entry upon claimant's land.

Both parties hereto agree that claimant was unable to file claim herein earlier than October 3, 1939, when notice of appropriation was served upon him and statutory notices were regularly filed in Dutchess county.

In view of the fact that six per cent is the interest rate before July 1, 1939, and four per cent since such date (State Finance Law, § 16, formerly § 54) claimant's request concerning interest is twofold; for a longer period of time and at a higher rate for a part of such time.

Before proceeding to a brief examination and analysis of section 21 of the Correction Law, at least a passing reference to the repeal of such section and the enactment of a new section 21 (Laws of 1939, chap. 640, effective May 31, 1939) may throw a little light on a somewhat confusing situation.   Both parties hereto are in accord that the repeal of the old and enactment of a new section 21 were necessary to harmonize matters such as this claim, with existing provisions of law concerning appropriations of land for public purposes.   The State in its brief refers to the necessity of such repeal and re-enactment as " * * * to conform to the standard State appropriation procedure   * * *," while claimant characterizes it as " * * * the Legislature recognized   * * * error and omission in the original statute."

Importance of reference, however, is based upon the fact that section 2 of chapter 640 of the Laws of 1939 specifically provides that the repeal of old section 21 shall not affect any proceeding for the acquisition of lands or easement rights then pending or

any appropriation authorized prior to the taking effect of such act, but that such proceedings may be concluded and appropriation consummated to their termination in the manner provided by law applicable thereto as in force prior to the taking effect of such act.

Under subdivision 1 of old section 21 provision is made for causing a survey map to be made and filed both with the Department of State and the office of the county clerk.

Under subdivision 2 of such section it is provided that *from the time of filing such map and certificate*, entry by the State upon such real property *for the purposes specified in the certificate shall be deemed complete.* A second sentence in subdivision 2 recites *that upon the filing of the map and certificate the commissioner shall immediately enter upon and take possession of the real property for the purpose of exercising such easement.*

In two other subdivisions thereof words indicating that it was the intention of the section to deem the appropriation as complete upon the filing of such map in the office of the county clerk are used: Subdivisions 3 and 4 recite " *which has been so appropriated;*" the last sentence of subdivision 4 sets forth that " the persons whose property shall have been taken under the provisions of this section," etc.

From the foregoing we conclude that the appropriation of an easement in claimant's land was complete on December 12, 1938, and that from such date to July 1, 1939, he is entitled to interest at six per cent on award herein, and at four per cent thereon for the interest-drawing period thereafter.