BEEKMAN STOCK FARMS, INC., as Assignee of LIME RIDGE, INC., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 26256.)

Court of Claims, March 24, 1947.

*John E. Mack* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Ward N. Truesdell* of counsel), for defendant.

LAMBIASE, J. This claim was filed herein on September 26, 1941, under the title of " Beekman Stock Farms, Inc., formerly Lime Ridge, Inc., and J. C. Billingham, Claimants, against The State of New York ". It was duly tried; and a decision of this court (DYE, J.), was rendered December 29, 1944, and filed herein December 30, 1944.

The aforesaid decision determined, among other things, the following:

A. " That on the 12th day of December, 1938, Lime Ridge, Inc. was the owner and in possession of property situate in the Town of Beekman, Dutchess County, New York, and thereafter the claimant, Beekman Stock Farms, Inc., a domestic corporation organized and existing under and by virtue of the

laws of the State of New York, succeeded to all the right, title and interest of the said Lime Ridge, Inc., and is now the owner thereof, subject to the rights of Ridgeway Reduction Company, a corporation, the assignee and successor of James C. Billingham, one of the claimants herein." (Finding of Fact Number 2.)

B. " That the premises consisted of a farm of approximately 1202.5 acres, with dwelling houses * * *." (Finding of Fact Number 3.)

C. " That pursuant to Article 2, section 21 of the Correction Law, as added by Chapter 250 of the Laws of 1930, the State of New York permanently appropriated 0.689 acres of the claimants' land for use as an easement to construct, repair, inspect, maintain and replace a pipe or pipes for conveying water through, over, under, and across a certain piece or parcel of land 30 ft. wide and 969.68 feet in length on the southerly line and 1034.93 feet on the northerly line, all for the purpose of constructing a water supply system for the Green Haven State Prison at Green Haven, New York, and

" a. There was filed in the Office of the Department of State, of the State of New York, on the 19th day of November, 1938, the original of a map and certificate of real property and an easement in real property which the Commissioner of Correction deemed necessary for the construction of a water supply system for Green Haven Prison, at Green Haven, N. Y.

" b. There was filed in the Office of the Clerk of Dutchess County a certified copy of said map and certificate on the 12th day of December, 1938.

" c. That during the month of June, 1939, the State made actual physical entry of the lands of the claimants.

" d. That on October 3, 1939, a notice of appropriation dated September 29, 1939, together with a map of the premises, were personally served on the claimants herein, describing the aforementioned real property and easements and the area affected thereby, as follows:

' An easement to construct, repair, inspect, maintain and replace a pipe or pipes for conveying water through, over, under and across a certain piece or parcel of land being 30 feet in width, situate lying and being in the Town of Beekman, County of Dutchess and State of New York, bounded and described as follows:

' Beginning at a point in the division line between the lands of Lime Ridge Incorporated (reputed owner)

and the lands of G. Meldrum (reputed owner), said point being distant, measured along said division line N. 20°–00′ W. 380.70 feet and N. 19°–00′ W. 139.58 feet from the S.W. corner of the lands of said G. Meldrum, the said corner being the center line of State Highway #1162 and running thence S. 33° 02′ W. 969.68 feet to a point in the northerly boundary line of said highway #1162; thence S. 68° 47′ W. and along said boundary line 51.33 feet to a point; thence N. 33° 02′ E. 1034.93 feet to a point in the division line between the lands of said Lime Ridge Incorporated and the lands of said G. Meldrum; thence S. 19° 00′ E. and along said division line 3815′ feet to the point or place of beginning. Containing 0.689 acres, more or less.

' All bearings are referred to Deed north.' " (Finding of Fact Number 5.)

D. " That the 0.689 acres appropriated by the State for easement purposes herein above described were taken out of the southeast corner of said premises  *  *  *." (Finding of Fact Number 6 in part.)

E. " That subsequent to the installation of the water line, the ditch was refilled and the surface restored as nearly as possible to its original condition, except that as a result of the destruction of the tile drainage lines heretofore installed, the land adjacent to the taking, consisting of approximately 8 to 10 acres in area, became wet and marshy and untillable." (Finding of Fact Number 8.)

F. " That the appropriation of the lands and easement herein was completed on December 12, 1938." (Finding of Fact Number 10 and Conclusion of Law II.)

G. " That the claim herein accrued October 3, 1939." (Finding of Fact Number 11 and Conclusion of Law II.)

H. " That the claimants have sustained damage by reason of the appropriation of the lands and easement and consequential damages to the remaining of the premises in the sum of Three Thousand, Five Hundred ($3,500.00) Dollars." (Conclusion of Law III.)

I. " That the claimants are entitled to an award against the State in the sum of Three Thousand, Five Hundred ($3,500.00) Dollars  *  *  *." (Conclusion of Law IV in part.)

No judgment pursuant to said decision has been entered to date, however, and the matter comes before us under circumstances which we now discuss in detail.

Some time after the rendering and filing of the aforesaid decision, a motion was made by the State of New York for an order dismissing the said claim, and for such other and further relief as to the court might seem just and proper, on the ground that the claimant, Beekman Stock Farms, Inc., was not the owner of the said claim " at the time of the trial and that such claim was never assigned to the said Beekman Stock Farms, Inc.; and on the further ground that it appears that the claimant, J. C. Billingham, has no right, title or interest in and to the said property so appropriated." (State's Notice of Motion dated October 31, 1945.)

The moving papers attached to said notice of motion aforesaid set forth that the abstracts of title covering the property appropriated for easement purposes, disclose: That Lime Ridge, Inc., the assignor corporation, acquired said property by a full covenant warranty deed dated December 27, 1934, and recorded May 10, 1935, in Book 545 of Deeds, page 51, in Dutchess County Clerk's Office; that by full covenant warranty deed dated December 13, 1940, and recorded on the same day in Book 587 of Deeds, page 311, in Dutchess County Clerk's Office, said Lime Ridge Inc., conveyed to Beekman Stock Farms, Inc., claimant herein, the premises out of which was taken the property appropriated herein by the State for easement purposes; that this latter deed contains, among other things, the following: " The foregoing premises are conveyed subject to the following: * * * Covenants, easements, licenses, water courses, rights of way, agreements concerning telephone, electric light and power lines and any other restrictions of record, if any.

" Rights, if any, of the State of New York, or the County of Dutchess in and to the highways running through or adjacent to the premises hereby conveyed."

Said moving papers also recite that an examination of the records of the Corporations Bureau, Department of State, discloses: That there had been no dissolution or merger in connection with Lime Ridge, Inc., up to the time of the subscribing of said motion papers; that said Lime Ridge, Inc., was in existence at the time of the appropriation herein by the State, and that it was still in existence at the time that said motion papers were drawn; and that Beekman Stock Farms, Inc., claimant herein, was incorporated December 7, 1940, said date being subsequent to the date of the appropriation herein by the State.

It appears from said moving papers that the right, title, and interest of J. C. Billingham aforesaid in and to the premises appropriated, which right, title and interest was that of a mortgagee, had terminated and ceased prior to the filing and to the trial of the claim herein, and that Ridgeway Reduction Company, a corporation, had succeeded thereto.

The final submission of the motion to dismiss was, by agreement of counsel, postponed from time to time. Prior thereto, evidence was adduced by the State in support of said matters thus set forth in its moving papers; and a request was made by claimant, Beekman Stock Farms, Inc., that it be permitted to put in additional proof on the matter of its right to the award herein.

The motion was finally submitted for decision to us on December 12, 1946, at which time we directed the entry of an order providing (a) that that part of the prayer on the motion which asked for an order dismissing the above claim on the grounds therein set forth be denied, (b) that in pursuance of the prayer contained in said motion for such other and further relief as to the court may seem just and proper, the trial of the above-entitled claim No. 26256, to wit, "Beekman Stock Farms, Inc., formerly Lime Ridge, Inc., and J. C. Billingham, claimants, vs. The State of New York", be reopened, and that claimants might offer further and additional proof as they might have on the entire case and affecting their right to the relief asked for herein and (c) fixing December 12, 1946, as the date for a hearing on said case as reopened. (*Smith* v. *State of New York,* 118 Misc. 610; *Hilton Estates, Inc.,* v. *State of New York,* N. Y. Ct. Cl., Claim No. 26188, Motion No. 958, Motion No. 959, supplemental decision; *Sterling* v. *State of New York,* N. Y. Ct. Cl., Claim No. 22045, Motion No. 1166.) Pursuant to said order, the case was reopened and additional proof on the question of the right of Beekman Stock Farms, Inc., to the award was adduced by it on said day. The matter was then duly submitted to us, and is now before us for decision. Was the claimant, Beekman Stock Farms, Inc., the owner of the claim herein at the time that it filed said claim? Was Beekman Stock Farms, Inc., entitled to the award herein at the time of Judge Dye's decision? These are the only questions before us. We believe that they must be answered in the affirmative for the reasons hereinafter stated.

The decision of December 29, 1944, to which reference has hereinbefore been made, determined that the appropriation of the land for easement purposes herein was completed on Decem-

ber 12, 1938. (Finding of Fact Number 10 and Conclusion of Law II.) (See, also, *Schreyer* v. *State of New York,* 178 Misc. 654. Correction Law, § 21, as added by L. 1930, ch. 250, eff. April 1, 1930, which section was in full force and effect when the appropriation herein was authorized and initiated. Section 21 aforesaid was later repealed, but its repeal had no effect upon its applicability to the instant case. L. 1939, ch. 640,§ 2.)

There can be and there is no question, therefore, that on December 12, 1938, as heretofore determined herein, Lime Ridge, Inc., was the owner of the land appropriated for easement purposes herein by the State, and that it became, by virtue of that fact and by force of said section 21 of the Correction Law the owner of any claim for compensation against the State arising by reason of the appropriation. The owner of the appropriated premises as of that date was entitled to the award herein. It follows, therefore, that Lime Ridge, Inc., would thereby be entitled to any award herein unless claimant, Beekman Stock Farms, Inc. " succeeded to all the right, title and interest of the said Lime Ridge, Inc." (Decision dated December 29, 1944, and Finding of Fact Number 2.) (*Matter of Van Etten* v. *City of New York,* 226 N. Y. 483, 489–490; *Chiarella* v. *State of New York,* 162 Misc. 232, affd. 252 App. Div. 358.)

It appears herein from the additional evidence that was introduced upon the reopened case: That on or about the 13th day of December, 1940, said Lime Ridge, Inc., conveyed to the claimant herein, Beekman Stock Farms, Inc., by several deeds bearing date the said day and duly recorded in Dutchess County Clerk's Office, all of the real property owned by it, including that part appropriated herein for easement purposes by the State; that on or about December 13, 1940, and subsequent to the appropriation by the State, to which reference has hereinbefore been made, said Lime Ridge, Inc., assigned and transferred to the Beekman Stock Farms, Inc., by an assignment in writing made and executed that day and thereafter and prior to the filing of the claim herein delivered to the claimant herein, all of its assets not conveyed by said deeds aforesaid and including any claim arising under and by virtue of the aforesaid appropriation, that said written assignment was lost or mislaid, and that diligent effort made by claimant, Beekman Stock Farms, Inc., through its officers and employees, and by others interested, to find the same have proved unavailing and fruitless.

The execution and delivery of said general assignment has been established herein by the corporation minute books of

both Lime Ridge, Inc., and of the claimant, Beekman Stock Farms, Inc., from other documentary and written evidence, and by the testimony of one Mary Arthur Crews Fortington, all of which was offered upon the case herein as reopened.

Mrs. Fortington testified, among other things: That she had seen the assignment; that she knew its contents; that it was intended, among other things, thereby to transfer, and the same did transfer, to the claimant, the claim arising by virtue of the appropriation herein, and that the assignment had been lost or mislaid. We are satisfied that she was in a position to know what was happening in a situation that was rather involved. Her husband, Harold A. Fortington, was the owner of all the corporate stock of Lime Ridge, Inc., at the time that the assignment and the deeds were executed and delivered. She was, at the time of the original trial and at the time of the reopening of the case herein, president of Beekman Stock Farms, Inc., and president of Ridgeway Reduction Company, a corporation. This latter corporation, it was proved, owned all the corporate stock of the claimant herein, Beekman Stock Farms, Inc., and Mrs. Fortington owned all the corporate stock of said Ridgeway Reduction Company. In addition thereto it appeared that Mrs. Fortington had inherited all of her husband's property under a will dated June 23, 1941, duly admitted to probate in Canada, Mr. Fortington having died on or about August 29, 1944.

It is apparent from the record that Beekman Stock Farms, Inc., was not at any time the same legal entity as Lime Ridge, Inc., although from the practical point of view, by force of the foregoing, it had taken over all of the assets of Lime Ridge, Inc., including the instant claim. There is no question also that James C. Billingham had no right, title, or interest in and to the property appropriated for easement purposes at the time of the filing of the claim herein and at the time of the trial of said claim.

Therefore, on motion of claimant's counsel an order was granted after the reopening of the case herein providing (a) that the title of the original claim as filed be amended by striking from it the words "formerly Lime Ridge, Inc., and J. C. Billingham", and substituting in place thereof "assignee of Lime Ridge, Inc." following the words "Beekman Stock Farms, Inc.", and (b) that the claim be amended so as to plead the written assignment of the instant claim herein by Lime Ridge, Inc., to Beekman Stock Farms, Inc. In accordance therewith, this memorandum bears the title as thus amended.

We have not viewed the premises since the same were viewed by Judge DYE (Court of Claims Act, § 12; L. 1939, ch. 860), and we did not deem it necessary, under the circumstances, for us to have done so.

Our decision herein, accompanying this memorandum and made in conformity herewith, although denoted an " Amended Decision ", does not in any material respect change or alter Judge DYE's decision to which we have hereinbefore referred. In fact, we consider it to be in amplification of Judge DYE's decision.