LOVINA J. ACKERMAN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30231.)

Court of Claims, February 8, 1951.

*W. Franklin Ness* and *Wortley Paul* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Frank M. Noonan* of counsel), for defendant.

RYAN, J. By warranty deed dated March 7, 1942, John H. W. Staley and Alice Staley, his wife, conveyed to Henry Ackerman and Lovina J. Ackerman, his wife, real property, being part of Lot No. 40 in the town of Grand Island, Erie County, New York, and located on the West River Road. This conveyance reserved the life use of the property to the grantors. Alice Staley died May 6, 1944. John H. W. Staley, now past eighty-three years old, is an inmate of Gowanda State Homeopathic Hospital, having been committed to that institution in December, 1946. Henry Ackerman died May 13, 1944.

Pursuant to section 59 of the Conservation Law and by notice of appropriation dated April 5, 1948, the State of New York by the Niagara Frontier State Park Commission appropriated out of the property conveyed by the Staleys to the Ackermans a

parcel of land known as No. 7-B, Map 4 R 317-7B. A copy of the notice of appropriation and map was served on this claimant Lovina J. Ackerman personally on April 15, 1948, and on John H. W. Staley personally and by service on Erwin H. Mudge, Director of the Gowanda State Homeopathic Hospital on April 20, 1948, and, together with proofs of such service, was filed in the Erie County Clerk's office April 30, 1948, and duly recorded. The purpose of the appropriation was for the development of the West River Parkway on Grand Island. On March 23, 1949, Lovina J. Ackerman signed and duly acknowledged a written agreement with the People of the State of New York, acting by and through the Niagara Frontier State Park Commission, which agreement described Mrs. Ackerman as " claimant " and after reciting the appropriation by the State of New York of the real property described as Parcel No. 7-B and after reciting that " claimant has or may have a claim for the value of the property so appropriated and for all legal damages caused by such appropriation, including all damages to the remainder of claimant's property of which the appropriated area formed a part ", stated that Mrs. Ackerman had agreed to accept the sum of $3,200 in full adjustment of her claim. It then contained the following stipulations:

" 2. The aforesaid compensation is to be paid only upon such approval by the Comptroller of the State of New York as is or may be required by law.

" 3. The aforesaid compensation is to be paid only upon certification by the Attorney General of the State of New York that the claimant is legally entitled thereto.

" 4. Claimant will execute or cause the execution of all formal papers which the Attorney General deems necessary to authorize the payment and to secure to ' the Commission ' a full release of all claims which claimants, tenants, mortgagees, lienors or other persons have or may have by reason of the aforesaid appropriation of property * * * and claimant will deliver all such papers to the Attorney General in advance of payment."

This agreement is in evidence before us as Exhibit A. It is one of five copies transmitted to W. Franklin Ness, Esq., attorney of record for the claimant, by Paul F. Haseley, General Park Superintendent of the commission by letter dated March 7, 1949. We are told that this document is the third of three written agreements entered into by Mrs. Ackerman with the commission in all of which the stipulated compensation was $3,200. The first of these she executed on or about July 24,

1947, and the second on or about June 14, 1948. Neither of these agreements was offered in evidence but certain letters relating to them were offered in evidence but excluded. Whatever negotiations there were, were resolved by Exhibit A and it appears that Mrs. Ackerman had the benefit of counsel before she signed that document. Mr. Ness conducted the correspondence and in his capacity as notary public witnessed the acknowledgment by claimant of her signature to the instrument.

By letter dated April 13, 1949, the Attorney-General by Warren H. Gilman of the Title Bureau forwarded to Mr. Ness certain proposed releases, affidavits and vouchers to be executed by Mrs. Ackerman. Mr. Gilman's letter contained the following paragraph:

" If Mr. John H. W. Staley is living, proceeding will have to be brought, under Article 82-A of the Civil Practice Act, in order that his claim may be released. Should Mr. Staley be deceased, such fact should be added to the Affidavit of Title."

As hereinabove recited, John H. W. Staley is still living. No committee of his person or property has been appointed by a court of competent jurisdiction. He has filed no claim in this court for the appropriation of the land in which he has a life tenancy. No proceeding under article 82-A of the Civil Practice Act has been taken.

Mrs. Ackerman has not received from the State of New York the sum of $3,200 nor any other sum in adjustment of her claim for the appropriation of the real property of which she is the owner in fee subject to the life use of her father. On March 25, 1950, she filed with the Clerk of the Court of Claims and with the Attorney-General her claim for the lands appropriated and for the damages consequent thereto. The claim came on for trial before this court at a regular term thereof. Three expert witnesses called by the claimant and one called by the defendant testified as to the value of the whole property before appropriation by the State and the value of the remainder thereafter. According to the opinions given by these witnesses the minimum damages sustained as the result of the State's appropriation is the sum of $4,307.78 which is deduced from the values opined by the defendant's sole witness. The amounts of damages arrived at by the other three witnesses were in their opinion, respectively, $8,440, $8,330 and $8,490.

In the words of the trial deputy attorney-general Exhibit A was offered " primarily and almost solely for the purpose of showing what the agreed price was and what value she (Mrs.

Ackerman) placed upon that property," and "for some evidence of the value of the property and for further proof that this claimant had agreed to accept this sum of money in full." Now, however, upon briefing and submission of the case it is the Attorney-General's argument that the agreement was an executory accord and is effective to completely bar the claim and require its dismissal. (Personal Property Law, § 33-a, Real Property Law, § 280.) The Attorney-General now further argues that we are without jurisdiction because the claim has been adjusted by agreement. However, the terms of the agreement have not been fulfilled by either party and as we pointed out at the trial this court is without jurisdiction to enforce them. But the Attorney-General also urges that Mrs. Ackerman is not entitled to any award, first because the life estate is outstanding and is unrepresented, citing *Moroney* v. *State of New York* (67 Misc. 58); *Taylor* v. *State of New York* (124 N. Y. S. 818); *Smith* v. *State of New York* (118 Misc. 610) and *Parkval Realty Corp.* v. *State of New York* (158 Misc. 574); and, secondly, because the value of the life estate cannot be commuted, citing *Matter of Camp* (126 N. Y. 377). It strikes us that these several positions are somewhat inconsistent.

We have come to the following conclusions: (1) As possessor of the life estate John H. W. Staley is an owner of the property. (Real Property Law, § 33; *Watson* v. *New York Central R. R. Co.*, 47 N. Y. 157, 161–162.) As such he was recognized by the condemnor when it served on him notice of appropriation and map. As such he is entitled to the full possession, use and enjoyment of the real property for the duration of his natural life. As such he is entitled to be a party to any offer or agreement of adjustment. (Conservation Law, § 59, subd. 6; *People* v. *Thornton*, 122 App. Div. 287.) As such he is entitled to present to the Court of Claims his claim for the value of the land and legal damages. (Conservation Law, § 59, subd. 7.) He is not a mere incumbrancer such as a mortgagor, lienor or judgment creditor. (*Forster* v. *Scott*, 136 N. Y. 577, 582.) Whatever his age or condition, his daughter has no control over the disposition of his interest in the property. It cannot be said with reason that it was within the contemplation of the parties to Exhibit A that Mr. Staley was one of those " other persons " the release of whose claims Mrs. Ackerman undertook to " execute or cause to be executed " and to deliver to the Attorney-General. She was not and is not qualified to institute a proceeding under section 1409-b of article 82-A of the

Civil Practice Act. Moreover, no amount has been offered by the State in full compensation to Mr. Staley because of such appropriation and of legal damages caused thereby. A statement of an amount so offered is a requisite of the petition. (Civ. Prac. Act, § 1409-c, subd. [5].) The exaction that Mrs. Ackerman proceed under article 82-A to release Mr. Staley's claim before the State of New York would pay her the amount agreed upon for her interest was not justified by the terms of the contract and amounted to nonperformance on the part of the State. Consequently, the instrument is not available as a defense and Mrs. Ackerman is entitled to assert her rights under the claim for the appropriation of her lands. (Personal Property Law, § 33-a, subd. 3.)

(2) Whatever his age or condition John H. W. Staley is not only a proper but a necessary party to this proceeding. (29 C. J. S., Eminent Domain, § 236, p. 1207; *Matter of Metropolitan El. Ry. Co.*, 12 N. Y. S. 506, 514–515.) As such he should be interpleaded in accordance with the provisions of subdivision 6 of section 9 and section 14 of the Court of Claims Act. (*Smith v. State of New York*, 118 Misc. 610, *supra*; *Raquette Falls Land Co. v. State of New York*, 156 Misc. 227, affd. 247 App. Div. 837.)

(3) Since there has been no adjudication that Mr. Staley is mentally incompetent to care for his property (Civ. Prac. Act, art. 81) apparently we have authority to order that he be interpleaded without the appointment of a committee. (Court of Claims Act, § 9, subd. 6; Civ. Prac. Act, § 236; *Sporza v. German Sav. Bank*, 192 N. Y. 8, 33.) However, it appearing that he is an inmate of an institution administered by the State Department of Mental Hygiene, we deem it advisable that a committee of his property be appointed to afford full protection of the rights of all parties concerned. This may be done upon application of the director of the State hospital where Mr. Staley is confined and who has already been served with a copy of the notice of appropriation. (Civ. Prac. Act, § 1374; *Matter of Bergmann*, 110 App. Div. 588, 590.) The Attorney-General representing the State and its institutions and their directors can proceed now with an application to the Supreme Court. We suggest that this course be followed. When a committee has been duly appointed, an order of interpleader may be entered. This court will then have jurisdiction of all parties and will be in a position to proceed to make an award. We withhold decision on the amount, and refrain from marking the requests to find which have been submitted, until the proceedings which have suggested themselves have been effected.