MINNIE SHEPPARD, PLAINTIFF, v. WILLINGBORO
TOWNSHIP, DEFENDANT.

Tax Court of New Jersey

September 30, 1980.

*Ralph J. Kmiec* for plaintiff (*Kmiec & Palumbo*, Attorneys).

*Myron H. Gottlieb* for defendant (*Kessler, Tutek & Gottlieb*, Attorneys).

LARIO, J. T. C.

Plaintiff appeals from a denial of her claim for a tax exemption under the provisions of *N.J.S.A.* 54:4–3.30(b), which provides for a tax exemption to widows of qualified disabled

veterans. The facts are not in dispute, as a result, both parties have moved for summary judgment.

Block 1009, Lot 94, which is commonly known as Two Newport Lane, is a residential property, which was acquired by Frazier E. Sheppard by deed dated June 3, 1978. Mr. Sheppard was a veteran who qualified for a 100% exemption from taxation under *N.J.S.A.* 54:4–3.30(a). On June 24, 1978, Mr. Sheppard married plaintiff. On May 29, 1979, Mr. Sheppard executed a will devising all his property, which included his dwelling, to his two sons by a previous marriage. On July 11, 1979, Mr. Sheppard died. At the time of his death, Mr. and Mrs. Sheppard were not residing together, Mr. Sheppard had been living at the subject property and Mrs. Sheppard elsewhere, however, they were still legally married.

Decedent in his will nominated one of his aforesaid sons as executor, and in the event his son had not attained his majority, he appointed his aunt as executrix and testamentary guardian of his sons until they reached their majority. Since both children were minors and decedent's aunt renounced, plaintiff applied, qualified and was issued letters as administratrix, c. t. a. of her deceased husband's estate on August 14, 1979.

After Mr. Sheppard's death, his wife moved back into the subject property where she now resides with the aforesaid two infant sons of her husband for whom she is presently caring as foster mother and legal representative.

The assessor assessed the property as of August 1, 1979, pursuant to *N.J.S.A.* 54:4–63.28, holding that the exemption had ceased with Mr. Sheppard's death. Plaintiff appealed that decision to the Burlington County Board of Taxation, asserting that she was entitled to have that exemption continue under *N.J.S.A.* 54:4–3.30(b), which reads, in relevant part:

> The widow of [a military veteran who had a one hundred percent permanent disability] who at the time of his death was entitled to the exemption provided under this act [*N.J.S.A.* 54:4–3.30(a)] shall be entitled, on proper claim made therefor, to the same exemption as her husband so had, during her widowhood and while a resident of this State, for the time that she is the legal owner

thereof and actually occupies the said dwelling house, or any other dwelling house thereafter acquired.

By the above–stated statute, after the death of a qualified tax–exempt veteran, for the property to continue to enjoy its tax–exempt status four factors are required:

(1) Claimant must be the widow of the veteran and she must remain a widow;

(2) the widow must be a resident of this state;

(3) the widow must be the legal owner of the dwelling; and,

(4) the widow must actually occupy the dwelling.

Both parties agree that in the instant case requirements (1), (2) and (4) have been met, leaving only (3) in dispute.

Plaintiff claims she is the "legal owner" of the property as a result of her dower interest in the property and based upon *N.J.S.A.* 3A:2A–55 which states:

Until termination of [her] appointment a personal representative has the same power over the title to the property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate. This power may be exercised without notice, hearing or order of court.

Defendant contends that the realty never became property of the estate, citing *Morse v. Hackensack Savings Bank*, 47 *N.J.Eq.* 279 (1890) and *La Foy v. La Foy*, 43 *N.J.Eq.* 206 (1887), for the proposition that legal and beneficial ownership remains in the heirs, subject to a power of sale in the event the will grants such a power to the executor. Plaintiff responds that this unquestionably was the law prior to *N.J.S.A.* 3A:2A–55 *supra* which was recently adopted, effective September 1, 1978.

In opposition to plaintiff's claim to an exemption by reason of her dower interest, defendant cites two regulations of the Department of the Treasury, paragraphs 304.26(5) and 304.3(3) of the *Handbook for New Jersey Assessors* which it alleges support its position. Defendant's claim on this point is ill–founded since these two paragraphs do not refer to the statute in issue, but instead they refer to a separate and distinct exemption statute [1]

---

[1]*N.J.S.A.* 54:4–1 which provides for a veteran's $50.00 property tax deduction.

which is not involved in the present matter. Paragraph 305.4(3) thereof is the correct regulation that refers to the statute in question and it merely repeats the wording therein that the widow "must be the legal owner of the property."

At the time of the death of plaintiff's husband, New Jersey provided to a wife a dower interest in real estate of her husband by *N.J.S.A.* 3A:35–1 [2] which stated:

> The widow ... of a person dying intestate ... shall be endowed, for the term of her natural life, of the 1 full and equal half part of all real estate whereof her husband ... was seized of an estate of inheritance at any time during coverture to which she shall not have relinquished or released her right of dower ...

By virtue of her dower interest in the subject property, plaintiff received and still enjoys a life estate in one full and equal half part of the subject dwelling.

"An estate for life is a freehold estate not of inheritance." *Cummings v. Cummings,* 76 *N.J.* 568, 570 (1910). "A freehold estate" is a right of title to land. *Black's Law Dictionary* 598 (5th edition, 1979) citing *Cohn v. Litwin,* 311 *Ill.App.* 55, 35 *N.E.*2d 410, 413 (1941). "The right of the life tenant to the undisturbed possession and enjoyment of the property during the continuance of his life estate is substantially the same as that of an owner in fee ..." (the only difference being that the life tenant cannot commit waste). *1 American Law of Property* § 2.16 (A.J. Casner ed. 1965).

Most directly on point is *Ackerman v. State,* 102 *N.Y.S.*2d 536, 199 *Misc.* 76 (1951) wherein the Court of Claims of the State of New York held that the possessor of a life estate is an owner of the property. *Supra* at 540.

Although plaintiff's dower interest in the subject property represents only "1 full and equal half part" for the term of her natural life, it is clear that her rights are the same as a legal owner of said interest.

---

[2] *N.J.S.A.* 3A:35–5, abolishing rights of dower and curtesy, did not become effective until May 28, 1980.

In addition to her dower interest, plaintiff is also administratrix c. t. a. of the veteran's estate. Under the provisions of *N.J.S.A.* 3A:2A–55 *supra* plaintiff "has the same power over the title to property of the estate as an absolute owner would have, in trust however. . . ." By the wording thereof the power over the title is not confined to any particular type of property but instead it refers to "the property of the estate." Under *N.J.S.A.* 3A:2A–1(i) the legislature defines "Estate" as follows:

i. "Estate means all of the property of the decedent, trust or other person whose affairs are subject to this act as the property is originally constituted and as it exists from time to time during administration.

By the enactment of the new decedents estates act, *N.J.S.A.* 32:2A–1, *et seq.*, the legislature has now given to the personal representative of an estate power over the title of real property as well as personalty where, as here, by reason of the children's infancy the real property remains in the estate. However, this power over the title is as a trustee and it is held for the benefit of creditors, if any, and thereafter for "others interested in the estate" which in this case are the infant children of decedent.

It follows therefrom that during her tenure as personal representative of the estate and so long as the estate is the owner of the dwelling, plaintiff, having power over the title, has legal title to that portion conveyed to the children and the children own the equitable title thereto.

It is to be noted that the statute in issue was amended by *P.L.* 1977, *C* 107, approved May 30, 1977 [3], to extend full property tax exemption on dwellings to a widow of a disabled veteran where her husband had not been receiving the disabled veterans exemption at the time of his death but could have so qualified if *N.J.S.A.* 54:4–3.20 [4] had been in effect during his lifetime.

---

[3] *N.J.S.A.* 54:4–3.30(c).

[4] *N.J.S.A.* 54:4–3.30 was not enacted until January 10, 1972. By adopting Section c, tax exemption has been granted to widows of qualified veterans who died prior to January 10, 1972.

By so extending this tax exemption, the legislature has indicated that the purpose of the statute is to grant tax relief to widows of qualified veterans who remain in title, remain in possession as a legal resident and do not remarry. I cannot read into this statute that should the widow share title to the dwelling with the veteran's children, that the property would lose its tax exemption. If the legislature had so intended, it could very easily have expressed same by designating her required ownership as a "fee simple". If defendant's reasoning were correct, presuming the veteran in the instant case had died intestate, leaving the widow and children surviving and living in the dwelling, the dwelling would lose its tax–exempt status. Such a result certainly was not the purpose of this Act.

I conclude that as owner of a dower interest of the subject property plus, as personal representative, her power over the title of the remainder therein, plaintiff has sufficient title to qualify as the "legal owner thereof" within the meaning of *N.J.S.A.* 54:4–3.30(b), *supra*, therefore, she has met all the requirements entitling the property to a tax exemption.

Judgment will be entered accordingly.